WILLIAMS LUMBER COMPANY *v.* DUDLEY & HEALAN.

Opinion delivered June 7, 1920.

1. LOGS AND LOGGING—EVIDENCE OF MODIFICATION OF CONTRACT.—In an action for balance claimed due on a contract for the manufacture of lumber, evidence *held* to warrant a finding that the provision as to stacking the lumber for measurement was modified.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict based on conflicting evidence will not be disturbed.

3. LOGS AND LOGGING—EVIDENCE.—Where the original contract, providing for measuring lumber to be manfactured in the mill yards, was modified so as to permit the lumber to be moved by the purchaser without being measured, evidence as to the amount of lumber produced from the logs sawed was admissible over objection that the proof of the amount of lumber was made in a fashion different from that fixed by the contract.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; affirmed.

*S. W. Woods,* for appellants.

The evidence was not sufficient to sustain the verdict and the court erred in permitting appellees to make proof of the amount of lumber manufactured according to a different basis than that specified in the contract. The questions of law are elementary. The court declared the law correctly in instruction No. 3 for defendants but misled the jury by allowing plaintiffs to introduce the pretended log scale. The verdict is also contrary to the law as declared in Nos. 3 and 4, given for defendants.

The appellees, *pro se.*

The pleadings of the appellant lumber company settles the point of the agency of Powell. The question as to whether the contract was rescinded by agreement of the parties was one of fact and properly submitted to the jury, and they found the issue against appellants. The testimony supports the finding and is conclusive. The log scale was properly introduced as the best means of ascertaining the approximate number of feet. It was not the best testimony, but the best obtainable and approximately correct. The duty of measuring the lumber was on appellants, and the log scale was clearly admissible. The verdict of the jury settles all issues against appellants.

McCULLOCH, C. J.    Appellees entered into a written contract on June 18, 1918, with B. J. Powell, one of the appellants, where it was agreed that said appellant should cut the standing timber on a large body of land owned by appellees and manufacture the same into lumber for the price of $7.50 per thousand feet, board measure, and an additional sum of 50 cents per thousand feet for stacking the lumber on the mill yard. The contract provided that appellees should manufacture the lumber according to certain specifications and to stack it on the mill yard and Powell should "check up and accurately

measure all lumber cut and stacked under this contract and according to the specifications under the contract.''

Appellees instituted this action against Powell and his co-appellant, Williams Lumber Company, alleging that the latter was a partner with Powell in the transaction and that Powell acted as the agent of said corporation; that appellees had manufactured 1,007,508 feet of lumber under the contract and that appellants had paid thereon the sum of $5,462.01, leaving a balance of $1,640.92, and had refused to pay said sum. Judgment is prayed for the amount of the balance due under the contract. Appellants filed answer, denying that Williams Lumber Company was a party to said contract or was interested therein, and denied that Powell was indebted to appellees in any sum for lumber manufactured under the contract. The answer sets forth the amount of lumber manufactured under the contract by appellees according to the contention of appellants and also alleges that appellants had paid to appellees the sum of $145.74 in excess of the amount due, for which judgment over against appellees is prayed for. There was a trial of the issues before a jury, and the judgment was in favor of appellees for the recovery of $1,250.

It is contended here that the evidence was not sufficient to sustain the verdict and that the court erred in permitting appellees to make proof of the amount of lumber manufactured according to a different basis than that specified in the contract. The contract provides that payment be made at the specified price per thousand feet according to the measurement designated as ''board measure;'' that appellees should stack the lumber on the yard, and that Powell should measure it after it was cut and stacked and pay for it according to the prices mentioned. The contention, however, of appellees is that the contract was changed by mutual agreement concerning the requirement that appellants should stack the lumber on the yard and that it was agreed instead that appellants should accept the lumber as it came from the saw and haul it away to the lumber yard of the Williams Lum-

ber Company at Shirley.  It is earnestly insisted by counsel for appellants that there is no proof in support of this contention, but we are of the opinion that there was sufficient testimony justifying the submission to the jury.

The testimony of one of the appellees, who gave personal attention to the transaction with appellants, is rather vague as to what was actually said between the parties, but there is testimony to the effect that appellants hauled the lumber away as taken from the saw without requiring it to be stacked and that there was an agreement between the parties that appellants could have the lumber sticks used in stacking lumber for the purpose of stacking it in piles on the mill yard at Shirley.  If, as contended by appellees, the lumber was accepted by appellants as it came from the saw and was hauled away by them, that constituted a waiver of the express stipulation of the contract with respect to the stacking on the mill yard, even though there was no express agreement that the contract should be changed in any regard.

Appellees introduced proof showing the measurement of the logs cut from the land and hauled into the mill and the amount of merchantable lumber contained in each log.  They also introduced proof tending to show that board measure, which means the grading and measurement of each board after being manufactured, exceeds the log measure about twenty per centum on average logs—in other words, that the output of logs properly manufactured into lumber will, according to board measure, be on an average twenty per centum in excess of log measurement.  There is scarcely any dispute about that, and the testimony in this case shows that most of the logs would run about 30 or 33 1/3 per centum according to board measure over log measure.  This proof was adduced by appellees, not for the purpose, as we understand it, of changing the rule of measurement specified in the contract, but to show what amount of the lumber was manufactured under the contract according to the kind of measurement specified in the contract.  In other words, the amount to be recovered was sought to be established

by proof of the quantity of lumber according to board measure, but in order to arrive at it appellees proved what the actual measurement was according to the rules for log measure and then added the percentage of gain.

If, as contended by appellees, the lumber was taken from the saw and hauled away before being stacked, this was the only available method of proof to establish what the amount of lumber was according to board measure. Powell was, according to the terms of the contract, to check and measure the lumber after it was stacked on the yard, but this was not done because that feature of the contract was changed, and appellants hauled the lumber away before it was stacked. We think that the court was correct in allowing appellees to make out their case by the only kind of testimony that was available, that is, by proving the amount of lumber in each log according to accepted standards of measurements and then by adding the amount of difference between log measure and board measure. There was a conflict in the testimony as to the character of the logs, whether appellees measured in rotten logs which did not produce merchantable lumber, but we think that there was enough testimony to show that, after reasonable deductions were made for rotten logs and lumber not properly manufactured, there was an average gain of twenty per centum over the log measurement. Appellants presented before the jury what they claimed to be an accurate account of the amount of lumber according to board measure, and it was much less in quantity than the amount that appellees contended they had manufactured. This conflict, however, was settled by the verdict of the jury, and we are of the opinion that there was sufficient testimony to support the verdict. There was also testimony tending to show that Williams Lumber Company was a party in interest under the contract and that Powell acted as the agent of that company in making the contract. The contention of appellants is that Williams Lumber Company was not interested in the contract, but was merely a purchaser from Powell of the lumber manufactured under the contract. There are

many circumstances proved by the evidence, which, standing alone, would not be sufficient to establish the interest of Williams Lumber Company in this contract, but, when all were considered together, they warranted the inference by the jury that the Williams Lumber Company was a party to the contract, and not merely a purchaser of the lumber from Powell. It is unnecessary to undertake to detail those circumstances.

There were objections to the ruling of the court with respect to instructions to the jury, but the objections are based mainly on the ground of insufficiency of the evidence to support the issues, and, since we have reached the conclusion that the evidence was legally sufficient on each of the issues presented, it becomes unnecessary to discuss the court's charge.

Judgment affirmed.